## FRUEHAUF CORPORATION et al., Petitioners,

v.

## Thomas P. THORNTON, United States District Judge for the Eastern District of Michigan, Respondent.

### No. 74–2089.

United States Court of Appeals, Sixth Circuit.

Oct. 10, 1974.

John L. King, Berry, Moorman, King, Lott & Cook, Detroit, Mich., Gerald C.

---

Risner, William A. Barnett, Chicago, Ill., for petitioners.

Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., for respondent.

Before MILLER, LIVELY and ENGEL, Circuit Judges.

Fruehauf Corporation, William E. Grace and Robert D. Rowan, have moved this Court to stay an order of the United States District Court for the Eastern District of Michigan, Southern Division, dated September 13, 1974, entered in the case of United States of America, Plaintiff, v. Fruehauf Corporation, Robert D. Rowan and William E. Grace, Defendants, being a criminal conspiracy case pending in said court, setting the trial of the criminal case for October 29, 1974. The specific request is that the Court stay the said order until this Court shall issue its final order granting or denying the petitioners' petition for the writ of mandamus (filed prior to the motion to stay but pending before us for decision) in which the petitioners pray that this Court issue its said writ of mandamus compelling Respondent, District Judge Thomas P. Thornton, to stay the trial of the said criminal action (Case No. 45325) now pending in the said United States District Court for the Eastern District of Michigan for such reasonable time as is necessary (1) to allow counsel for petitioners to review and assemble voluminous written material consisting of 1,949 Excise Tax Letter Rulings made available to said counsel on August 26, 1974, as a result of the district court's order in said criminal action entered on June 26, 1974; and (2) to permit counsel to obtain compliance with the district court's order of January 30, 1974, entered in Case No. 4–70345, a civil action instituted by petitioners in said court under the Freedom of Information Act, and to review and assemble the documents required by that order to be turned over to petitioners if said order is affirmed by this Court.

The said civil action referred to in the petition for mandamus is an action instituted by the petitioner in the said district court under the Freedom of Information Act to obtain from the Internal Revenue Service a vast amount of documents consisting of private tax rulings and other records which the petitioners claim to be disclosable under the Freedom of Information Act. In that action the district court entered an order directing the disclosure of a number of the documents sought by the petitioners, under provision for deletion, subject to court review, of items claimed to be confidential. The ruling of the district court in the Freedom of Information Act case is presently pending for review by this Court in Fruehauf Corporation, et al. v. Internal Revenue Service, No. 74–1474, which appeal has been briefed, and submitted to the Court for decision after oral argument on October 3, 1974.

Upon consideration of the petition for mandamus, the answer thereto of the Government of the United States, and the applicable authorities, we are of the opinion that the petition for the writ of mandamus is not well taken. It is apparent that the petitioners have already received the benefit of extensive discovery and disclosure from the files of the Internal Revenue Service as the result of discovery proceedings in the criminal action. The criminal action has been pending for a considerable length of time and it is apparent that the petitioners may apply to the district court in that action for further discovery if this should become necessary in the course of what promises to be a protracted trial. We have no reason to believe that the respondent district judge will not accord the petitioners a fair trial in the criminal action and grant them such relief by way of discovery or otherwise that they may be legally entitled to. If in the trial of said case any errors should be committed with respect to discovery or other aspects of the case, the rulings of the district judge would be subject to appellate review. We are of the view that the Freedom of Information Act was not intended to serve as a substitute for criminal discovery. Cf. Renegotiation Board v. Bannercraft Clothing, Co., Inc., et al., 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974); Hawkes v. I. R. S.,

467 F.2d 787 (6 Cir., 1972) and Stans v. Gagliardi, 485 F.2d 1290 (2 Cir., 1973). The said petition for mandamus filed by the petitioner with this Court on September 24, 1974, is therefore hereby denied.

In view of this ruling on the petition for mandamus it becomes unnecessary to consider the petitioners' motion for a stay of the district court's order setting the date for the beginning of the trial of the criminal action, since the motion for a stay now becomes moot.