**UNITED STATES of America, Petitioner,**

v.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES, CALIFORNIA, Respondent.**

**John Z. DeLorean, Defendant, Real-Party-in-Interest.**

No. 83–7670.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 28, 1983.

Decided Sept. 30, 1983.

---

Layn R. Phillips, David A. Katz, Asst. U.S. Attys., Los Angeles, Cal., for petitioner.

Howard L. Weitzman, Donald M. Re, Los Angeles, Cal., for respondent.

Before SNEED, KENNEDY, and POOLE, Circuit Judges.

KENNEDY, Circuit Judge:

The United States petitions us for a Writ of Mandamus, to be directed to a district court in a criminal proceeding. The petition challenges trial court orders which require the Government to comply with the defendant's request for production and disclosure of documents under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. We have jurisdiction in this proceeding under the All Writs Act, 28 U.S.C. § 1651. We conclude the trial court erred in ordering compliance with the FOIA and determine that the Writ should issue.

John Z. DeLorean, the defendant in the district court and the real-party-in-interest in the mandate proceeding here, faces trial on an indictment charging violations of federal statutes pertaining to narcotics and controlled substances. In the pleadings and arguments, we are advised that DeLorean has extensive international business and manufacturing interests. It can be assumed for our purposes that various agencies of the United States maintain documents pertaining to DeLorean, to his business affairs, and to the investigation of the criminal charges against him.

In December 1982 and January 1983, DeLorean filed FOIA requests with agencies of the United States requesting production and disclosure of all documents pertaining to him. No particular documents were specified. By August 1983, with a trial date on criminal charges approaching, DeLorean had not received responses to some of his requests and had been denied documents under other requests. On the defendant's motion, the district court conducting the criminal case ordered the United States to release requested documents to the court for inspection *in camera,* or, alternatively, to file with the court a detailed index of all the documents in question and the FOIA exemptions claimed for documents withheld. This *index* is sometimes called a *Vaughn* index. *See Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973).

We are advised by counsel that the FOIA requests now pending are directed to eighteen agencies of the United States, including the Department of Justice, the Department of State, the Department of Defense, and the Department of the Treasury. The

Government maintained, here and in the district court, that the material requested is voluminous. For instance, there was a tax audit of the defendant or his business interests, involving approximately 2,500 documents now at the offices of the Internal Revenue Service in Detroit, Michigan. In the FBI Los Angeles offices, there are 610 documents, comprising some 1,650 pages. From the apparent complexity of the defendant's international transactions, the other federal agencies served with production requests may have documents pertaining to DeLorean that are similarly extensive.

■ In criminal cases, the defense is permitted to discover documents in the Government's possession if such documents are "material to the preparation of [the] defense." Fed.R.Crim.P. 16. Materiality is a necessary prerequisite to discovery. *United States v. Ness,* 652 F.2d 890, 892 (9th Cir.1981); *United States v. Marshall,* 532 F.2d 1279 (9th Cir.1976). *See also United States v. RMI Co.,* 599 F.2d 1183, 1188 (3d Cir.1979) (citing *United States v. Brown,* 562 F.2d 1144, 1152 n. 8 (9th Cir.1977)); *United States v. Murdock,* 548 F.2d 599 (5th Cir.1977). Under the Freedom of Information Act, by contrast, documents must be produced and disclosed on the request of any person without regard to the purpose for obtaining the documents or the relevancy of the documents for a particular use, subject to certain exclusions and exemptions, *see, e.g.,* 5 U.S.C. § 552(b)(1)(a) (national security); *id.* § 552(b)(7) (law enforcement investigation). Upon exhaustion of administrative remedies, a person not satisfied with an agency's response to a document request may institute civil suit in the United States district court for judicial review of an agency's determination that certain documents will not be released. 5 U.S.C. § 552(a)(3)–(a)(6); *see Hedley v. United States,* 594 F.2d 1043, 1044 (5th Cir.1979) (requiring exhaustion of remedies).

The district court specifically rejected the contention that materiality should be a condition for production and disclosure. In so doing, the court in essence ruled that the FOIA supersedes the materiality requirement of Fed.R.Crim.P. 16. The court stated: "The court is aware that the extension of the . . . Rule to FOIA would effectively undermine Federal Rule of Criminal Procedure 16." The district court concluded that its orders were permitted, if not mandated, by our decision in *United States v. Brown,* 562 F.2d 1144 (9th Cir.1977). The briefs filed by DeLorean in opposition to the petition for Writ of Mandamus proceed upon the same premise.

■ We hold that in criminal cases the Freedom of Information Act does not extend the scope of discovery permitted under Rule 16. The limitations of Rule 16 are controlling. The trial court erred in its interpretation of *United States v. Brown,* and as a result the issuance of its orders was clear error.

In *Brown* discovery had been requested within the context of a Rule 16(a) motion, but with the added claim of a right of access to information under the Freedom of Information Act. The trial court there denied the motion on the ground that FOIA administrative remedies must be first exhausted. Whether the district court was requiring exhaustion of FOIA administrative procedures despite the materiality of the documents is unclear, *see id.* at 1152, but under the particular facts of that case we addressed FOIA disclosure standards. Our examination of access under FOIA was entirely within the context of a motion otherwise proper under Rule 16, including the predicate showing of materiality to the preparation of the defense. The documents in question there were already specifically identified, readily produceable, material, and subject to inspection without expanding the scope of Rule 16 discovery. Our having addressed FOIA standards is explained by the trial court's having addressed FOIA exhaustion questions and is properly interpreted as holding that FOIA requests do not impede discovery otherwise proper under Rule 16 standards.

The parties here disagree upon the proper interpretation of footnote 8 in *Brown,* which states:

> Nickel correctly points out that no showing of materiality is needed for production under FOIA. But her motion for discovery is in a criminal trial under Fed. R.Crim.P. 16. Clearly both materiality of the evidence and harm from failure to produce must be shown to warrant reversal.

This statement addresses whether prejudicial error was shown, and the trial court in the present case would confine it solely to that, but we interpret the statement to address also materiality as the standard for production in criminal discovery. In this light, the language from *Brown* reinforces the point that Rule 16 is controlling. Our holding in *Brown* was predicated upon the finding in this court that the document was material and therefore subject to disclosure and production under Rule 16, though the error in not ordering its production was not prejudicial in the circumstances of that case.

Our construction of *Brown* is consistent with the uniform position of other circuits both before and after the *Brown* decision. In *Fruehauf Corp. v. Thornton,* 507 F.2d 1253 (6th Cir.1974), the Sixth Circuit rejected the notion that the FOIA was "intended to serve as a substitute for criminal discovery." *Id.* at 1254. The Fifth Circuit followed suit in *United States v. Murdock,* 548 F.2d 599 (5th Cir.1977): "Although information obtained through the FOIA may be useful in a criminal trial, we find that the FOIA was not intended as a device to delay ongoing litigation or to enlarge the scope of discovery beyond that already provided by the Federal Rules of Criminal Procedure." *Id.* at 602. The Fifth Circuit reaffirmed this position in *United States v. Buckley,* 586 F.2d 498, 506 (5th Cir.1978).

Our holding is consistent also with the Supreme Court's repeated admonitions that the FOIA did not replace the traditional rules of discovery. *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242, 98 S.Ct. 2311, 2327, 57 L.Ed.2d 159 (1978); *Renegotiation Board v. Bannercraft Clothing Co.,* 415 U.S. 1, 22, 94 S.Ct. 1028, 1039, 39 L.Ed.2d 123 (1974). If Congress had meant to replace the rules of criminal procedure with the FOIA, it would have done so explicitly. *Murdock,* 548 F.2d at 602.

■ The error of the district court is of significant dimension and requires our intervention by Writ of Mandamus. The factors we consider before issuance of a Writ of Mandamus were set forth specifically in *Bauman v. United States District Court,* 557 F.2d 650, 653–54 (9th Cir.1977), and recently were reexamined and refined in *In re Cement Antitrust Litigation,* 688 F.2d 1297 (9th Cir.1982). It is unnecessary to restate the analysis contained in those cases at length. Here there is no alternate, adequate means of review. The trial court's ruling is not one of the class of orders from which the United States may take its interlocutory appeal. 18 U.S.C. § 3731. *Compare Bauman,* 557 F.2d at 656 & n. 6, *and id.* at 663–64 (Hufstedler, J. concurring) (interlocutory appeal a possibility) *with Cement Antitrust Litigation,* 688 F.2d at 1301–02 (no interlocutory appeal available).

Our intervention is necessary to insure the orderly and efficient operation of the criminal justice system in this circuit. If allowed to stand, the ruling of the trial court would have an adverse affect on this and other criminal proceedings in this circuit, initiating an error capable of repetition but without opportunity for review. The necessary consequence of the trial court's ruling would be that, as a routine discovery device in criminal cases within this circuit, counsel would request disclosure under the Freedom of Information Act, a substantial displacement of the balance established for criminal discovery by Rule 16.

The harm to the Government in allowing FOIA discovery to override Rule 16 would be substantial in this case and in all later criminal cases. Under the trial court's order, the prosecution, instead of concentrating on the criminal case, would be compelled to devote its scarce resources to screen and process FOIA material. De-

fense counsel would not be under a similar burden. Counsel for the Government represented that it would take up to eight weeks simply to compile the *Vaughn* index, and predicted an ultimate delay caused by the FOIA orders of two to five months. We have no reason to doubt those representations.

A standard of materiality is necessary to avoid the burdens and delays inherent in sweeping discovery orders. The issue at trial here is the guilt or innocence of the defendant on specific criminal charges. A fair, full, and final determination of that question can proceed without production, disclosure, or examination of all the documents the Government might have in its possession regarding the defendant, his business activities, or the instant investigation, unless the materiality of the documents to the defense is first established.

Rule 16 of the Federal Rules of Criminal Procedure, not the Freedom of Information Act, is the basic rule that will control discovery.

The Writ will issue, directing the district court to vacate its orders directing disclosure and production of records pursuant to the Freedom of Information Act.