CBS, INC., Petitioner,

v.

UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF CALIFORNIA, Respondent,

and

United States of America and William Hetrick, Real Parties in Interest.

Nos. 85–7236, 85–7301.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 1985.

Decided July 8, 1985.

Herbert M. Schoenberg, Bruce J. Teicher, Los Angeles, Cal., for petitioner.

James P. Walsh, Los Angeles, Cal., Jordon Weiss, Stephen V. Wilson, Charles P. Rettig, Hochman, Salkin & DeRoy, Beverly Hills, Cal., for respondent.

Before WALLACE, KENNEDY, and FERGUSON, Circuit Judges.

KENNEDY, Circuit Judge:

CBS, Inc., a major radio and television network, petitions for a writ of mandamus to obtain access to documents filed under seal in a post-conviction criminal proceeding. A real party in interest in opposition to the writ is William Hetrick. The petition was lodged as an emergency motion, and we have expedited the oral argument and the filing of this opinion. We grant the requested relief.

Hetrick and John DeLorean were indicted in 1982 on charges of violating federal narcotics statutes. Certain pretrial matters in the *DeLorean* case were addressed by this court in earlier opinions. *CBS, Inc. v. United States District Court*, 729 F.2d 1174 (9th Cir.1983); *United States v. United States District Court*, 717 F.2d 478 (9th Cir.1983); *Associated Press v. United States District Court*, 705 F.2d 1143 (9th Cir.1983).

Hetrick pled guilty to drug and tax evasion charges. As part of the plea bargain, Hetrick agreed to testify, if called, at DeLorean's trial. In exchange for Hetrick's cooperation, the government dropped other charges against Hetrick and agreed not to prosecute Hetrick's sons. Hetrick received multiple, concurrent ten-year prison sentences. These matters were part of the public record.

In January 1985, Hetrick filed a motion to reduce his sentence under Rule 35, Federal Rules of Criminal Procedure. The motion was filed under seal on Hetrick's own initiative. The government's response was also filed under seal. The trial court denied CBS' motions for access to the sealed documents. The court prepared two sets of sealed findings to support its orders. These mandamus petitions followed. Both Hetrick and the government argue in favor of the closure orders.

■ Mandamus is the appropriate procedure for CBS to seek review of the orders denying it access to the sealed documents. *CBS, Inc. v. United States District Court,* 729 F.2d at 1177–78.

■ We begin with the presumption that the public and the press have a right of access to criminal proceedings and documents filed therein. *See Associated Press v. United States District Court,* 705 F.2d at 1145–46; *United States v. Brooklier,* 685 F.2d 1162, 1170 (9th Cir.1982). The right of access is grounded in the First Amendment and in common law, *Associated Press,* 705 F.2d at 1145, and extends to documents filed in pretrial proceedings as well as in the trial itself. *Id.*

■ We find no principled basis for affording greater confidentiality to post-trial documents and proceedings than is given to pretrial matters. The primary justifications for access to criminal proceedings, first that criminal trials historically have been open to the press and to the public, and, second, that access to criminal trials plays a significant role in the functioning of the judicial process and the governmental system, *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 606, 102 S.Ct. 2613, 2619, 73 L.Ed.2d 248 (1982), apply with as much force to post-conviction proceedings as to the trial itself.

We must make initial inquiry into what interests or rights will overcome the right of access. In *Brooklier* we assumed that the right of access to criminal proceedings could, in appropriate circumstances, be limited to protect private property interests as well as the defendant's right to a fair trial. *Brooklier,* 685 F.2d at 1171. And, in *Press-Enterprise Co. v. Superior Court,* 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984), the Supreme Court, while not approving closure on the facts before it, approached the case from the standpoint that, at least potentially, the privacy rights of prospective jurors could be weighed in the balance against the interests of the press and the public in open proceedings. Though the *Press-Enterprise* case might be subject to various interpretations on the issue whether some rights other than the defendant's right of fair trial can justify closure, *see, e.g.,* 104 S.Ct. at 826 (Blackmun, J., concurring), we proceed on the premise that other legitimate, compelling interests may be asserted as a ground for closure.

■ The interest which overrides the presumption of open procedures must be specified with particularity, and there must be findings that the closure remedy is narrowly confined to protect that interest. The rule stated in *Press-Enterprise* is controlling here:

> The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.

104 S.Ct. at 824.

■ We have read the sealed findings of the district court and conclude that they do not justify its closure orders. The trial court asserted various interests in support of its order sealing the records, but we are unable to identify those interests with specificity, or find them compelling, or conclude that sealing of the documents would vindicate them. The government's interests in law enforcement are implicated in this case, but most of the information the government seeks to keep confidential concerns matters that might easily be surmised from what is already in the public record.

Here the government compromised its own position by trying to manufacture a secret document, reciting confidential material. We refer specifically to the affidavit of Assistant United States Attorney Fred Friedman, which contains details regarding the government's ongoing criminal investigation. This document was unnecessary to consideration of Hetrick's motion on its merits, was surplusage, and in our view was improvidently filed. We conclude that this document in its entirety should be re-

moved from the record and returned to the government.

General representations from the government concerning the propriety of reducing a prisoner's sentence, side bar conferences to advise the court of the existence of sensitive matters (without disclosing their details), excision from documents of names and transactions, and use of the witness protection program are all alternatives to the creation of a sealed written record. None of these alternatives was considered or suggested by the district court. We do not foreclose the possibility that in an extreme case such alternatives would be untenable and that court files and proceedings on post-conviction matters would therefore be closed, but the requisites for such an order have not been met here.

■ We recognize that information relating to cooperating witnesses and criminal investigations should be kept confidential in some cases, but it does not follow that the government is free to reduce such matters to writing and then insist on filing the document as a court record under seal. If the right of access is to be meaningful, a court has the duty to ensure that its records are accurate. The government here proposes a procedure entirely at odds with that objective. Confidence in the accuracy of its records is essential for a court, and for the authority of its rulings and the respect due its judgments. Such confidence erodes if there is a two-tier system, open and closed. If public records cannot be compared with the sealed ones, all of the former are put in doubt.

■ Our opinion is not to be read to disapprove the practice of keeping presentence reports confidential. *See United States v. Charmer Industries*, 711 F.2d 1164, 1172–74 (2d Cir.1983); *United States v. Walker*, 491 F.2d 236, 238 (9th Cir.), *cert. denied*, 416 U.S. 990, 94 S.Ct. 2399, 40 L.Ed.2d 769 (1974). We do not reach that issue, for this case is distinguishable. The Federal Rules of Criminal Procedure expressly provide for limited access to information contained in presentence reports. Fed.R.Crim.P. 32(c)(3). The issue before us

here concerns a proceeding under Rule 35, and nothing in the Rule's language, history, or judicial interpretation suggests that documents filed in support of motions for reduction of sentence should be treated in the same manner as presentence reports. In the absence of explicit legislative intent to the contrary, the general presumption of openness will prevail. *See Press-Enterprise*, 104 S.Ct. at 824. Motions to reduce sentence under Rule 35 are based on documents of a different nature than presentence reports. Pleadings under Rule 35 are filed by persons who have had their guilt adjudicated and sentence imposed in a public proceeding. A motion under Rule 35 seeks to modify the punishment deemed by the district court to be appropriate for the offense, and should likewise be public.

The government and the trial court here went so far as to assert that the government's interests would be threatened if even its position of support or opposition to the motion were made known. That idea is as remarkable as it is meritless. The penal structure is the least visible, least understood, least effective part of the justice system; and each such failure is consequent from the others. Public examination, study, and comment is essential if the corrections process is to improve. Those objectives are disserved if the government conceals its position on so critical a matter as the modification of a felony sentence in a celebrated case.

In the matter presented here, the interests asserted by the defendant and the government do not override the presumption of openness that is at the foundation of our judicial system. The petition for writ of mandamus is granted. The district court is directed to retract the Friedman affidavit from the pleadings in the case and release it to the government, and to unseal the defendant's motion to reduce sentence and the government's response. The writ shall issue.