**Michael Alan CROOKER, Appellant**

v.

**BUREAU OF ALCOHOL, TOBACCO AND FIREARMS.**

No. 85–5930.

United States Court of Appeals, District of Columbia Circuit.

April 29, 1986.

Michael Alan Crooker, pro se.

Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, R. Craig Lawrence, Michael J. Ryan and Patricia D. Carter, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before GINSBURG, BORK and BUCKLEY, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

Plaintiff-appellant Michael Alan Crooker (Crooker) submitted a request to the Bu-

reau of Alcohol, Tobacco and Firearms (BATF or Bureau) for certain documents under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* BATF withheld most of the requested records, asserting their exemption from disclosure under FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), which shields "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... interfere with enforcement proceedings." Crooker's plea for judicial review prompted a successful BATF motion for summary judgment; the district judge relied upon a BATF affidavit, which represented that "[t]he requested documents are contained in a criminal investigation file." Affidavit of Stephen E. Higgins, BATF Director, April 25, 1985, at ¶¶ 9–11, in Appendix of Appellee.

We hold that BATF's response, and the district court's judgment, dispatched Crooker's request with impermissible generality. The Bureau failed to demonstrate with the requisite specificity that the production Crooker sought would "interfere with enforcement proceedings." In effect, the Bureau Director's affidavit claimed "blanket exemption" for the records at issue based solely on the character ("criminal investigation") of the file in which the records are contained. Congress specifically intended to bar such "blanket exemption" when it drafted current Exemption 7 in 1974. *See* Act of Nov. 21, 1974, Pub.L. No. 93–502, 88 Stat. 1561, 1563–64, *reprinted in* House Committee on Government Operations and Senate Committee on the Judiciary, Freedom of Information Act and Amendments of 1974 (Pub.L. 93–502) Source Book, 94th Cong., 1st Sess. 497, 499 (Joint Comm. Print 1975) (hereinafter cited as 1975 Source Book).

Plaintiff Crooker, an incarcerated felon, is currently the subject of investigation by federal and state officials concerning suspected possession of an unregistered ma-chinegun and other destructive devices. By letter dated October 18, 1984, Crooker made a FOIA request to BATF for copies of all documents compiled and maintained under his name since January 1, 1983—a date preceding the suspected violations. BATF located a file under Crooker's name but withheld all its contents, citing Exemption 7(A); the Bureau maintained that release of the records would interfere with ongoing investigation of Crooker's activities. Crooker pursued an administrative appeal, and on January 14, the Chief of BATF's Disclosure Branch released one document with deletions but withheld the rest. Crooker commenced this action, seeking full production, on February 20, 1985, and on August 2, 1985, the district court granted BATF's motion for summary judgment. *Crooker v. Bureau of Alcohol, Tobacco and Firearms,* No. 85–0615 (D.D.C. Aug. 2, 1985). Crooker appealed on multiple grounds.

The district court, our review confirms, adequately considered and answered in its Memorandum most of Crooker's challenges.[1] We treat here only objection of merit. In support of its motion for summary judgment, BATF filed a single affidavit. To show likely interference with law enforcement proceedings, the affidavit asserted only that the records Crooker wants are contained in a BATF file and that the "file at issue involves a legitimate law enforcement investigation pertaining to Mr. Crooker's suspected violations." The district court quoted and relied on this language—and only this language—in ruling that the government had met its burden of showing interference. *See Crooker v. Bureau of Alcohol, Tobacco and Firearms, supra,* slip op. at 4. Crooker correctly contends that the government cannot discharge its burden with so summary an attestation.

As originally enacted in 1966, Exemption 7 authorized agencies to withhold "investigatory files compiled for law enforcement

---

1. The district court correctly ruled that BATF had adequately shown by affidavit that investigation or enforcement proceedings are pending. *See Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 870 (D.C.Cir.1980). That court also correctly ruled that the government had waived no objection to public disclosure when it presented some of the requested material at Crooker's parole revocation hearing. *See, e.g., Lead Industries Ass'n v. OSHA,* 610 F.2d 70, 79 n. 13 (2d Cir.1979).

purposes except to the extent available by law to a private party." Act of July 4, 1966, Pub.L. No. 89–487, 80 Stat. 250, 251. In 1974, Congress amended this provision in two ways. First, Exemption 7's new language authorized agencies to withhold "investigatory records," thus shifting the focus of inquiry from "files" to "records." Second, the revised text allowed agencies to withhold documents only when the government could prove that disclosure would result in one of the six harms now specifically enumerated in Exemptions 7(A)–(F). Act of Nov. 21, 1974, Pub.L. No. 93–502, 88 Stat. 1561, 1563–64, *reprinted in* 1975 Source Book at 497, 499.

Congress revised Exemption 7 in response to a series of opinions by this court expansively interpreting the scope of the 1966 version of the exemption. In one of those opinions, *Ditlow v. Brinegar*, 494 F.2d 1073 (D.C.Cir.1974), we held that the exemption applied whenever the court determined that "the requested material was found in an investigatory file compiled for law enforcement purposes." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 228, 98 S.Ct. 2311, 2320, 57 L.Ed.2d 159 (1978). As the Supreme Court observed, *id.* at 227, 98 S.Ct. at 2319, Congress sought to impose a more exacting requirement. Senator Hart, who introduced the 1974 amendments on the floor of the Senate, stated as a prime purpose of the revisions: "[M]aterial cannot and ought not be exempt merely because it can be categorized as an investigatory file compiled for law enforcement purposes." 1975 Source Book at 333. Following enactment of the 1974 alterations, the Supreme Court underscored: "[T]he amendment of Exemption 7 was designed to eliminate 'blanket exemptions' for Government records simply because they were found in investigatory files compiled for law enforcement purposes." *Robbins Tire*, 437 U.S. at 236, 98 S.Ct. at 2324. Instead, the reformulated provision required courts to "consider the nature of the particular document [not merely the general file] as to which exemption was claimed" and to "look to the reasons"—now explicitly enumerated in Exemptions 7(A)–(F)—"for allowing withhold-

ing of investigatory files." *Robbins Tire*, 437 U.S. at 229–30, 98 S.Ct. at 2320–21.

In *Campbell v. Department of Health and Human Services*, 682 F.2d 256 (D.C. Cir.1982), this circuit reiterated that the 1974 Congress did not authorize "blanket exemption" for "all records relating to an ongoing investigation." *Id.* at 259. We referred to the "congressional intent to heighten or refine agency attention to FOIA requests," and we stressed: "If an agency may withhold any document merely because it relates to a pending investigation, the 1974 version of Exemption 7(A) would apply to everything properly placed in investigatory files, yet Congress plainly mandated a focus upon records, not files." *Id.* at 262.

Looking to the legislative determination explicitly expressed in 1974 and subsequent judicial fidelity to that determination, we cannot countenance the district court's conclusion that the BATF affidavit presented in this case adequately establishes the applicability of Exemption 7(A). The affidavit recites simply and solely that the records responsive to Crooker's request are in a legitimate law enforcement file; but if this fact sufficed to justify withholding, the exemption "would apply to everything properly placed in investigatory files."

The district court did observe that according to *Robbins Tire*, courts may make "generic determinations" of likely interference with law enforcement proceedings; and the court simultaneously held that the BATF affidavit generically established likely interference. *See Crooker*, slip op. at 4. In so holding, the district court apparently blended or confused "blanket" exemptions and "generic" exemptions. The two are not the same.

A "blanket" exemption, as we earlier stated, is an exemption claimed for all records in a file simply because they are in the file. But as we held in *Campbell*, *Robbins Tire* "does not authorize an agency to refuse to disclose any record compiled in anticipation of enforcement action merely because the record has found its way into an investigative file." 682 F.2d at 263. *Robbins Tire*, on the other hand, does al-

low courts to make generic determinations that "with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records ... would generally 'interfere with enforcement proceedings.' " 437 U.S. at 236, 98 S.Ct. at 2324. Because generic determinations are permitted, the government need not justify its withholdings document-by-document; it may instead do so category-of-document by category-of-document. The government may not, however, make its justifications file-by-file.

If the government chooses to rely on generic determinations, its definitions of the relevant categories of documents must be sufficiently distinct to allow a court to grasp "how each ... category of documents, if disclosed, would interfere with the investigation." *Campbell*, 682 F.2d at 265. The hallmark of an acceptable *Robbins* category is thus that it is *functional;* it allows the court to trace a rational link between the nature of the document and the alleged likely interference. If the government is unable to make such a showing without revealing information that could interfere with enforcement proceedings, the district court may accept *in camera* submissions; but that course should be taken, we have cautioned, only when it is unavoidable. *Campbell*, 682 F.2d at 265; *cf. Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C.Cir.1986) (reliance upon *ex parte* evidence to decide the merits of a case is appropriate "[o]nly in the most extraordinary circumstances").

On remand, therefore, if BATF wishes to resist disclosure, it must make a presentation that will allow the district court to comprehend how each withheld document or category of documents, if disclosed, would interfere with an ongoing investigation.[2] BATF may rely on a genuinely "generic" justification, but it may not resort to a file-by-file "blanket" justification of the kind offered to, and approved by, the district court in the portion of that court's disposition we overturn. All of the documents Crooker has requested may indeed fall under Exemption 7(A), but Congress has directed the federal courts to require more evidence of exempt status than mere location of records in a law enforcement file. Accordingly, the summary judgment granted BATF is vacated, and the case is remanded to the district court for proceedings consistent with this opinion.

*It is so ordered.*

---

2. We note that this requirement extends to all of the documents Crooker has requested that remain in BATF's possession, including any copies of the 71 color photographs shown Crooker at his February 26, 1985, parole revocation hearing. BATF has submitted an affidavit representing that the photographs themselves are in the possession of the Massachusetts State Police, *see* Declaration of Thomas J. Rooke (July 11, 1985) at ¶ 3, in Appendix of Appellee, but Crooker maintains that BATF has retained copies of the photographs, *see* Brief of Appellant at 4. Neither BATF nor the district court has responded to this assertion. If BATF has copies of the photographs, it may withhold them only upon an adequate demonstration that they are shielded under Exemption 7(A).