**Andrzej CUDZICH, Plaintiff,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Defendant.**

**Civ. A. No. 94-2358 (CRR).**

United States District Court, District of Columbia.

May 22, 1995.

---

Andrzej Cudzich, Milan, MI, pro se.

Keith V. Morgan, U.S. Attys. Office, Washington, DC, for defendant I.N.S.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court in the above-entitled cause is the Defendant's Response to the Court's May 3, 1995 Order in which the Court granted the Defendant's Motion for Summary Judgment, in part, and gave the Defendant until May 19, 1995 to satisfy its burden of proof with respect to its assertion of 5 U.S.C. § 552a(j)(2) and § 552(b)(7)(A) to justify the withholding of requested information. Upon careful consideration of the parties' pleadings, the applicable law, and the entire record herein, the Court shall GRANT the Defendant's instant Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff, an inmate at the Milan Federal Correctional Institution in Milan, Michigan whose lawful permanent resident status was revoked on July 14, 1986, files the above-entitled cause *pro se* and *in forma pauperis* against the United States Immigration and Naturalization Service ("INS") under the Privacy Act ("PA"), 5 U.S.C. § 552(a), and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, claiming that he has been improperly denied access to "immigration and naturalization records, documents, and other useful information [necessary] to contest the legality of his sentence." Plaintiff's Objection to Defendant's Answer and Response, at 2.

Plaintiff's initial FOIA request, whereby he requested copies of all records maintained by the INS pertaining to "[his] arrest on November 12, 1991, his initial deportation, the warrant, [and] any and all investigative forms that were completed (entire file)", Plaintiff's FOIA/PA Request, attached to Defendant's Reply as Exhibit 1, was received by the Chicago District Office of the INS on May 19, 1994. Defendant's Statement of Ma-

terial Facts Not in Genuine Issue ("Defendant's Statement") ¶ 1, Declaration of FOIA/PA Officer Anita Goss–Fields ("Declaration I") ¶ 2. By letter dated May 19, 1994, Plaintiffs FOIA request was acknowledged. Defendant's Statement ¶ 2; Declaration I ¶ 3. On June 29, 1994, Plaintiff was provided all of the records located pursuant to his request in full. Defendant's Statement ¶ 3; Declaration I ¶ 4.

By letter dated July 18, 1994, Plaintiff alleged that the INS had not located all of the records responsive to his request. Defendant's Statement ¶ 4; Declaration ¶ 5. Subsequently, by letter dated August 5, 1994, Plaintiff was advised that, upon a second search for records it was determined that there were additional records responsive to his request that had not been processed. Defendant's Statement ¶ 5; Declaration ¶ 6. By letter dated December 13, 1994, Plaintiff was advised that of the 376 pages of information located responsive to his request, 345 were being released to him in full and that 31 pages were being withheld in full pursuant to FOIA Exemption (b)(2), (b)(6), and (b)(7)(A). Defendant's Statement ¶ 6; Second Declaration of FOIA/PA Officer Anita Goss–Fields ("Declaration II") ¶ 2.

Upon further review, the INS determined that, of the 31 pages being withheld in full, 2 pages were releasable in part with redactions made pursuant to FOIA Exemption (b)(6); in addition, the INS determined that 2 pages previously withheld pursuant to FOIA Exemption (b)(2), were, in fact, properly withheld pursuant to Exemption (b)(7)(A). Defendant's Statement ¶ 7; Declaration II ¶¶ 3, 4. As to the remaining 27 pages withheld in full, the INS asserted FOIA Exemption (b)(3) to withhold 2 pages of information pertaining to grand jury proceedings, Defendant's Statement ¶ 9; Declaration II ¶ 5; Exemption (b)(6) to withhold 8 pages of information which contained information about other individuals, Defendant's Statement ¶ 10; Declaration II ¶ 3; and Exemption (b)(7)(A) to withhold 17 pages of information pertaining to an on-going law enforcement investigation being conducted by other agencies. Defendant's Statement ¶ 11; Declaration II ¶ 6.

The Court entered an Order on May 3, 1995 granting the Defendant's Motion for Summary Judgment with respect to its assertion of 5 U.S.C. § 552(b)(3) and (b)(6) to justify the withholding of requested information. The Court denied the Defendant Motion for Summary Judgment with respect to its assertion of 5 U.S.C. § 552a(j)(2) and § 552(b)(7)(A), yet gave Defendant until May 19, 1995 to satisfy its burden with regard to its assertion of those exemptions. Defendant filed its Response, in which it asserts 5 U.S.C. § 552a(a)(2), § 552(b)(7)(A), and § 552(b)(7)(D) to justify the withholding of requested information. The Court will construe Defendant's Response as a Motion for Summary Judgment.

## II. THE COURT SHALL GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE BASES OF ITS ASSERTION OF 5 U.S.C. § 552a(a)(2), § 552(b)(7)(A), AND § 552(b)(7)(D) TO JUSTIFY THE WITHHOLDING OF REQUESTED INFORMATION.

█ Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the nonmovant, that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Fed.R.Civ P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In FOIA cases, the burden of justifying nondisclosure lies with the defendant agency, and summary judgment in its favor is appropriate only where the agency can "prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from [FOIA's] inspection requirements." National Cable Television Ass'n v. FCC, 479 F.2d 183, 186 (D.C.Cir.1973).

█ When an agency seeks summary judgment on the basis of a FOIA exemption, it can discharge its burden by providing a relatively detailed justification, specifically identifying the reasons why a particular justification is relevant and correlating those claims with the particular part of a withheld document to which they apply." Mead Data Central, Inc. v. Dep't of the Air Force, 566

F.2d 242, 251 (D.C.Cir.1977). The Court may grant summary judgment solely on basis of affidavits or declarations that explain how requested information falls within a claimed exemption if the affidavits or declarations are sufficiently detailed, nonconclusory, and submitted in good faith. *Goland v. CIA,* 607 F.2d 339, 352 (D.C.Cir.1978), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980); *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C.Cir.1981). Still, the Court must review *de novo* an agency's decision to exempt information. 5 U.S.C. § 522(a)(4)(B).

■ Consistent with the liberal treatment generally afforded *pro se* litigants, Defendant has provided notice to the Plaintiff in its Motion for Summary Judgment that any factual assertions contained in the affidavits and other attachments in support of the Motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting such assertions. *See Neal v. Kelly,* 963 F.2d 453, 456 (D.C.Cir.1992); Local Rule 108; Fed. R.Civ.P. 56(e). Notwithstanding the provision of adequate notice to Plaintiff by Defendant of the operation of the summary judgment rule, Plaintiff has failed to file an affidavit contravening the factual assertions contained in Defendant's Motion regarding the assertion of various exemptions by Defendant. Accordingly, the Court will accept as true the factual assertions underlying the various grounds upon which Defendant's Motion rests.

### A. SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT ON THE BASIS OF ITS ASSERTION OF 5 U.S.C. § 552a(a)(2) TO JUSTIFY WITHHOLDING INFORMATION REQUESTED UNDER THE PRIVACY ACT IS APPROPRIATE BECAUSE PLAINTIFF IS NOT AN "INDIVIDUAL" FOR THE PURPOSES OF THE ACT.

■ Defendant asserts 5 U.S.C. § 552a(a)(2) to justify the withholding of information requested under the Privacy Act. Because Plaintiff is no longer a lawful permanent resident, summary judgment in favor of the Defendant on the basis of 5 U.S.C. § 552a(a)(2) is appropriate.

Under the Privacy Act, subject to certain exceptions,

> "[e]ach agency that maintains a system of records shall ... upon request by any individual to gain access to his [or her] records or to any information pertaining to him [or her] which is contained in the system, permit him [or her] ... to review the record and have a copy of all or any portion thereof ..."

5 U.S.C. § 552a(d)(1) (1988). The requestor must be an "individual" within the meaning of the Act. That term is defined to mean "a citizen of the United States or an alien lawfully admitted for permanent residence." 5 U.S.C. § 552a(a)(2) (1988). Because Plaintiff's permanent resident status was revoked on July 14, 1986, *see* Third Declaration of FOIA/PA Officer Anita Goss–Fields ("Declaration III") attached to Defendant's Response, ¶ 3, he is not an "individual" for the purposes of the Privacy Act. Accordingly, the Court will GRANT Defendant's Motion for Summary Judgment with respect to its withholding information requested under the Privacy Act. Plaintiff's only potential access to the requested information is therefore under the Freedom of Information Act.

### B. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT WITH RESPECT TO THE PLAINTIFF'S FOIA CLAIMS REGARDING DEFENDANT'S ASSERTION OF EXEMPTIONS (b)(7)(A) AND (b)(7)(D).

#### 1. Exemption (b)(7)(A).

■ The FOIA exempts from disclosure "investigatory records compiled for law enforcement purposes" when production of such records would cause one of a variety of enumerated harms. 5 U.S.C. § 552(b)(7). Exemption (7)(A) permits the withholding of records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A) (1988). Because the materials in question were "compiled for law enforcement purposes," Defendant's explanation underlying its assertion of

Exemption (b)(7)(A) is adequate, and Defendant is entitled to judgment as a matter of law, summary judgment in favor of Defendant with regard to claims concerning its assertion of Exemption (b)(7)(A) is appropriate.

■ The applicability of Exemption (7)(A) hinges on a two-part test. As a threshold matter, the government must establish that a law enforcement proceeding is pending or prospective; second, the Defendant must show that some distinct harm is likely to result if the record or information requested is disclosed. *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159 (1978); *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 789 F.2d 64, 65–67 (D.C.Cir.1986); *Campbell v. Dep't of Health and Human Srvcs.*, 682 F.2d 256, 263 (D.C.Cir.1982).

■ Generally, to prevail under Exemption (7)(A), the Government must establish, by more than conclusory statement, how particular kinds of records requested would interfere with a pending enforcement proceeding. *See Campbell*, 682 F.2d at 263; *see also Fruehauf Corp. v. Thornton*, 507 F.2d 1253 (6th Cir.1974) (FOIA not intended to serve as a substitute for criminal discovery); *Murphy v. FBI*, 490 F.Supp. 1138 (D.D.C. 1980) (FOIA cannot alter explicit discovery procedures set forth in Fed.R.Crim.P. 16). However, where disclosure of information would cause impermissible harm to a concrete prospective law enforcement proceeding, such a situation is also within the protective scope of Exemption (7)(A). *National Public Radio v. Bell*, 431 F.Supp. 509 (D.D.C.1977). Accordingly, an agency may withhold documents stemming from an ongoing criminal investigation if disclosure of the materials would harm or interfere [1] with a subsequent enforcement proceeding. *Docal v. Bennsinger*, 543 F.Supp. at 44; *see FBI v. Abramson*, 456 U.S. 615, 621, 102 S.Ct. 2054,

2059, 72 L.Ed.2d 376 (1982) (Exemption (7)(A) operates "to prevent premature disclosure of the investigatory materials which might be used in a law enforcement action.").

"Determination of 'interference' need not be done on a case-by-case basis." *Manna v. Dep't of Justice*, 815 F.Supp. 798, 806 (D.N.J. 1993) (citing *Robbins Tire*, 437 U.S. at 223, 98 S.Ct. at 2317), *aff'd.* 51 F.3d 1158 (3d Cir.1995). Instead, an agency may rely upon a generic approach by grouping documents into categories that are

> sufficiently distinct to allow a court to grasp "how each … category of documents, if disclosed, would interfere with the investigation." *Campbell*, 682 F.2d at 265. The hallmark of an acceptable category is thus that it is *functional*; it allows the court to trace a rational link between the nature of the document and the alleged likely interference.

*Bevis v. Dep't of State*, 801 F.2d 1386, 1389 (D.C.Cir.1986) (quoting *Crooker*, 789 F.2d at 67) (emphasis in original)).

When an agency elects the generic approach, it must satisfy a tripartite standard. *Id.* at 1389–90. "First, it must define its categories functionally. Second, it must conduct a document-by-document review in order to assign the documents to the proper category. Finally, it must explain to the court how the release of each category would interfere with enforcement proceedings." *Id.*

Defendant acknowledges that Exemption (b)(7)(A) is "no longer applicable to information pertaining to the INS' investigation of plaintiff because the INS' investigation is complete." Defendant's Response, at 2. Defendant has accordingly made a supplemental release of information to Plaintiff with its Response. *see Id.* and attachments. However, Defendant still withholds portions of the 17 pages previously withheld in their entirety

---

1. " 'Interference' under the terms of the statute encompasses a wide range of concerns. Grounds which have been repeatedly acknowledged by the courts include fears of disclosure of: (1) evidence, (2) witnesses, (3) prospective testimony, (4) the reliance placed by the government upon the evidence, (5) the transactions being investigated, (6) the direction of the investiga-

tion, (7) government strategy, (8) confidential informants, (9) the scope and limits of the government's investigation, (10) prosecutive new defendants, (11) materials protected by the Jencks Act, (12) attorney work product, (13) the methods of surveillance, [and] (14) subjects of surveillance." *Docal v. Bennsinger*, 543 F.Supp. 38, 44 n. 12 (M.D.Pa.1981).

under Exemption (b)(7)(A) containing information pertaining to pending investigations of other law enforcement agencies. *Id.* Defendant asserts that the release of this information would adversely affect the other law enforcement agencies' efforts by alerting the targets of those investigations as to the status and scope of such investigations, thereby giving them an opportunity to avoid arrest and prosecution. Declaration III ¶ 5. The issue with regard to Defendant's assertion of Exemption (b)(7)(A) is whether the Defendant's proffered explanation is sufficient to satisfy the *Bevis* tripartite standard. The Court finds Defendant's explanation adequate to justify nondisclosure thereunder.

The declaration upon which the instant motion rests demonstrates that Defendant grouped the requested documents into relevant categories that "are sufficiently distinct to allow a court to grasp 'how each ... category of documents, if disclosed, would interfere with [an] investigation'." *Bevis,* 801 F.2d at 1389–90 (citations omitted). The declaration similarly notes, on a page-by-page basis, the interference with enforcement proceedings that would result from the disclosure of each page. Defendant asserts that information contained on portions of pages 1–6 and 10 pertains to pending investigations by other law enforcement agencies, that the contents of the withheld portions are unknown either to Plaintiff or other targets of the investigations mentioned in these portions, and that release of these portions would adversely affect these investigations by alerting the targets of the scope and status of the investigations, thereby giving the targets of the investigations an opportunity to avoid arrest and prosecution. Declaration ¶ 5. Because the Court finds Defendant's explanation adequate to justify the withholding of requested information, the Court will GRANT the Defendant's Motion for Summary Judgment with respect to claims regarding its withholding documents on the basis of Exemption (b)(7)(A).

### 2. Exemption (b)(7)(D).

■ Exemption (b)(7)(D) is designed to provide protection for investigatory material which "could reasonably be expected to dis-

close the identity of a confidential source, ... or ... information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D) (1988). Defendant asserts this Exemption to withhold a paragraph on page two of the information released to Plaintiff pursuant to his Request. Defendant alleges that the paragraph contains information from a source inside one of the target criminal enterprises who provided the information under an implied promise of confidentiality and that the information is such as to create a strong likelihood that disclosure would permit identification of this source. Declaration ¶ 6. Because Defendants properly asserted Exemption (b)(7)(D) to withhold such information, summary judgment in their favor with regard to claims regarding such is proper.

■ Exemption (b)(7)(D) shields from disclosure all information furnished by confidential sources, as well as the actual identity of the cooperating individual if there has been an explicit assurance of confidentiality or circumstances from which such an assurance could reasonably be inferred. *United States Dep't of Justice v. Landano,* —— U.S. ——, ——, 113 S.Ct. 2014, ——, 124 L.Ed.2d 84 (1993).

The Investigative Report from which information was redacted pursuant to Exemption (b)(7)(D) pertains to an investigation into a suspected alien smuggling ring. *See* Report of Investigation, attached to Defendant's Response as Exhibit 2. Defendant withheld information which might reveal the identities of a confidential source within one of the target criminal enterprises. Declaration ¶ 6. While Defendant has not pleaded any explicit promise of confidentiality which would be breached by release of such information, it has asserted that the information was provided "under an implied understanding of confidentiality." *Id.* The character of the investigation at issue and the source's relation to the investigation is also relevant to determining whether a source cooperated with authorities with an implied assurance of confidentiality. *Landano,* —— U.S. at ——, 113 S.Ct. at 2023. The Court concludes from such considerations and the Defendant's assertion of confidentiality that at least an implied assurance of confidentiality is at stake and

that Defendants therefore properly asserted Exemption (b)(7)(D) to justify the withholding of requested information. Accordingly, the Court will GRANT the Defendants' Motion for Summary Judgment with regard to their withholding of such information.

### III. CONCLUSION

Upon consideration of the Defendant's Motion for Summary Judgment, and for all of the foregoing reasons, the Court finds that the Defendant is entitled to judgment in its favor as a matter of law concerning the claims regarding its assertion of 5 U.S.C. § 552a(a)(2), § 552(b)(7)(A), and § 552(b)(7)(D). The Court will therefore enter an Order of even date herewith consistent with the foregoing Memorandum Opinion GRANTING the Defendant's Motion for Summary Judgment. Accordingly, the above-entitled case will stand as DISMISSED for the dockets of this Court.

### *ORDER*

Upon consideration of the Defendant's Motion for Summary Judgment, the record herein, the law applicable thereto, and for the reasons articulated in the Court's Memorandum Opinion of even date herewith, it is, by the Court, this 22nd day of May, 1995,

ORDERED that the Defendant's Motion for Summary Judgment shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the above-entitled case shall stand as DISMISSED from the dockets of this Court.