Ball, J.
INTRODUCTION
The plaintiffs, James and Nicholas Ellis, brought this action after their requests for documents under G.L.c. 66, §10 were denied based on their status as criminal defendants in another action. On August 14, 1997, the case was before the court for hearing on the plaintiffs’ motion for summary judgment, as well as on the defendant’s motion to stay these proceedings. In support of their motion, the plaintiffs argue that their status as criminal defendants does not dimmish their rights under the Freedom of Information Act (FOIA). For the reasons set forth below, the plaintiffs’ motion for summary judgment is ALLOWED and the defendant’s request to stay the proceedings is DENIED.
BACKGROUND
The plaintiff attorneys here are under indictment in Worcester County, charged with having defrauded various insurance companies in the course of their representation of allegedly injured persons. By this action the plaintiffs seek certain public records, not documents compiled by law enforcement in connection with the investigation that led to their indictment, but instead publicly available information regarding the funding and administration of the Attorney General’s Office and reports the Attorney General is required to file. They seek these documents, in this civil proceeding, separate from the pending criminal case, in order to develop their defense in the criminal proceeding. Specifically, they allege that they are the subjects of selective prosecution by the Insurance Fraud Division of the Attorney General’s Office, which is, in effect they assert, funded by and an arm of the insurance industry.
*543 The Attorney General’s Office opposes the plaintiffs’ efforts based, they say, on case management concerns. They claim that the plaintiffs should seek these materials in connection with discovery under Mass.R.Crim.P. 14 in the criminal case. It is the position of the Attorney General’s Office that the Rules of Criminal Procedure trump the public records law in that documents available by statute to all other members of the public can be withheld from criminal defendants by operation of the discretionary discovery provisions of Mass.R.Crim.P. 14(a)(2).
The plaintiffs have moved for summary judgment and the defendant has asked that the court’s ruling on plaintiffs’ motion be stayed for three months, so that the documents sought here can be requested in connection with discovery in the criminal case.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving pariy is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his or her case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
A survey of the relevant case law, mostly federal, suggests the appropriate analysis here. FOIA, together with the public records law, and the Massachusetts Rules of Criminal Procedure “provide two independent schemes for obtaining information.” North v. Walsh, 881 F.2d 1088, 1094 (D.C. Cir. 1989) (an opinion by now.Supreme Court Justice Ruth Bader Ginsburg while sitting on the D.C. Circuit Court of Appeals and considering a federal FOIA request in connection with the Oliver North matter). The plaintiffs here, like all citizens, have a right to public records. Their indictment neither diminishes nor enhances their rights in that regard. See id. at 1096 (“The plaintiffs rights in a FOIA action do not depend on his or her identity . . .”), citing NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 n.23 (1978) (“[A] person’s rights under FOIA are neither diminished nor enhanced by his ‘litigation-generated need’ for agency documents”); United States v. Buckley, 586 F.2d 498, 506 (5th Cir. 1978) (“FOIA provides an independent basis for obtaining information potentially useful in a criminal trial”). Adopting the Attorney General’s argument, however, would mean that a newspaper reporter researching an article on the funding of the Attorney General’s Office can make a request identical to that made here and obtain the records sought but that these plaintiffs cannot.
Massachusetts case law confirms this federal analysis. The Supreme Judicial Court stated, in Bougas v. Chief of Police of Lexington, 371 Mass. 59, 64 (1976), that the fact the public records requesters there were criminal defendants seeking information in connection with their defense “neither detracts from nor lends support to the request of those plaintiffs for disclosure under G.L.c. 66, §10.” Indeed the Massachusetts legislature specifically rejected FOIA provisions that would have exempted from disclosure documents involved in litigation and records relating to civil litigation in which a public agency is involved. See Alexander J. Celia, 39 Administrative Law & Procedure §1182, at 582-83 (1986).
It is only when the two schemes for discovery of information collide that courts have found that the rules of criminal procedure supersede FOIA. For example, in Bougas, a case relied upon heavily by the Attorney General here, the plaintiffs were criminal defendants seeking records of the very investigation which led to their indictment. The dicta in Bougas regarding the normal course of public records discovery in connection with a criminal case, id. at 64, must be read in that context. In the instant case, the plaintiffs do not seek investigative records.
Nor is this a case in which the public records request was made during discovery in the criminal case and compliance would be so administratively burdensome that it would interfere with the progress of the criminal case.[2] For example, in United States v. United States District Court of Cal., Los Angeles (DeLorean), 717 F.2d 478, 479 (9th Cir. 1983), “with trial date on criminal charges approaching,” the defense asked the criminal court to require that eighteen federal agencies produce records including some 2,500 documents at the IRS office in Detroit, Michigan, and 610 documents, comprised of 1650 pages, at the FBI’s Los Angeles, California offices. Not surprisingly, the public records request was denied in that case.[3]
The Attorney General has made no showing that compliance with the plaintiffs’ FOIA request would be burdensome or that it would interfere in any real sense with the prosecution of the criminal case, as to which the prosecutors have stated they are ready for a trial that is apparently months away. Nor does this court see any risk that the Attorney General’s dire prediction will come to pass, that allowing the plaintiffs this avenue to prepare for their criminal defense in these particular and peculiar circumstances will open the flood gates to discovery abuse by public records request. Again, the plaintiffs do not seek investigative *544 materials protected by G.L.c. 4, §7 clause 26(f). See Bougas, 371 Mass. at 61-64.
The Attorney General has expressed concern that allowance of the plaintiffs’ motion will permit criminal defendants to bypass applicable criminal procedure rules. That concern is unfounded. The tension between allowing criminal defendants ostensibly to circumvent criminal discovery rules and not depriving criminal defendants of their rights as citizens of the Commonwealth and the United States is broken by what are the practical and legal realities of any criminal case. That is, the civil plaintiffs here- — criminal defendants elsewhere — although able to pursue information under G.L.c. 66, §10 related to their criminal defense, are not entitled to a stay of those criminal proceedings. See North, 881 F.2d at 1096. Likewise, if the plaintiffs sought their FOIA request in the criminal case under Mass.R.Crim.P. 14 they would be beholden to the standard of proving that the items they seek are both material and relevant. See Delorean, 717 F.2d at 482, see also North, 881 F.2d at 1095.[4] Moreover, the court is not suggesting that any records obtained in this effort would be admissible in the criminal trial. That is a matter for the criminal trial judge.
Apparently, the Attorney General has not yet undertaken the usual response to a public records request, including indexing, as mandated by G.L.c. 66, §10. In allowing the plaintiffs’ motion for summary judgment and denying the defendant’s motion for a stay of this case as I do, I order that the Attorney General undertake such efforts. It goes without saying that the Attorney General has an obligation to process the plaintiffs’ FOIA request, made months ago, in good faith and with expediency. The burden is on the plaintiffs to assure that compliance does not interfere with the criminal case.
ORDER
It is therefore ORDERED that the plaintiffs’ motion is ALLOWED and the defendant’s request for a stay of these proceedings is DENIED.

 This would be particularly true if the Attorney General would begin compliance with the request now, well in advance of any trial date, which is yet to be set. If the court were to adopt the Attorney General’s position, set forth in its motion to stay, any efforts to comply with an order to provide the records would be likely to take place closer to trial and so be more of a burdensome interference.

 It is disingenuous of the Attorney General to take the position that the plaintiffs should seek the information requested in the course of discovery in the criminal case relying on case law which suggests that when public records are sought in connection with criminal discovery efforts, rather than through separate FOIA avenues, interference with the criminal case is risked and so such discovery efforts should be denied. Again, in the words of Justice Ginsburg, “[a]n attempt to interject FOIA ‘does not extend the scope of discovery under [the federal analog to Mass.R.Crim.P. 14]’ when done as part of criminal discovery. (Citing DeLorean, 717 F.2d at 480.) Discovery limitations, civil or criminal, however, do not apply when FOIA requests are presented in a discrete civil action.” North, 881 F.2d at 1096.

 To a certain extent it would seem that a criminal defendant has more to gain by requesting material and relevant information through criminal discovery than by standing in the shoes of a civil plaintiff and filing broad requests for material that may not be had in time for a trial that quickly approaches.