Leon James **RIDINGS**, Appellant

v.

**DEPARTMENT OF JUSTICE, Office of Information/Privacy and Executive Office for the United States Attorneys, Appellees**

No. 01–5314.

United States Court of Appeals,
District of Columbia Circuit.

May 2, 2002.

Before EDWARDS, RANDOLPH, and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the district court's order filed August 21, 2001, be affirmed. The district court properly granted judgment on the pleadings for appellee because Federal Rule of Criminal Procedure 6(e), which bars disclosure of "matters occurring before the grand jury," falls within 5 U.S.C. § 552(b)(3). *See Fund for Constitutional Government v. National Archives*, 656 F.2d 856, 866–70 (D.C.Cir.1981). And in particular, Rule 6(e) bars the "direct revelation of grand jury transcripts"—the documents at issue in this case. *Id.* at 869. Nor may appellant invoke Rule 6(e)(3)(C)(ii) because the criminal proceeding in which he could have sought dismissal of his indictment has long since concluded.

Even assuming appellant could invoke Rule 6(e)(3)(C)(ii), his claim nonetheless fails because appellant did not make a "showing of particularized need" for disclosure of the grand jury transcripts. *See United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir.1994); *United States v. Puglia*, 8 F.3d 478, 480 (7th Cir.1993); *United States v. Warren*, 747 F.2d 1339, 1347 (10th Cir.1984). The district court properly held that appellant's unsupported assertion that a grand jury did not indict him does not constitute the showing of particularized need required under Fed.R.Crim.P. 6(e)(3)(C)(ii). *Cf. United States v. Warren*, 16 F.3d 247, 253 (8th Cir.1994) (allegation that grand jury records were necessary to "determine if there may be a defect in the grand jury process" did not constitute particularized need for records).

Finally, because the propriety of disclosing the grand jury transcripts was properly resolved without resort to *in camera* review, the district court did not abuse its discretion in declining to conduct such a review of the transcripts. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978); *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 789 F.2d 64, 67 (D.C.Cir.1986).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.